In THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JENNIFER BRADY, et al.           )
                                 )
v.                               ) NO. 3:05-0355
                                 ) JUDGE CAMPBELL
ERIK MAASIKAS, et al.            )

MEMORANDUM

Pending before the Court are Defendants Pardue and Ellis' Motion for Summary Judgment (Docket No. 57) and Plaintiff Jennifer Brady's Motion to Modify the Order of This Court Dismissing the Claim of Plaintiff to an Illegal Search of the Brady Home by Erik Maasikas (Docket No. 64). For the reasons stated herein, Defendants' Motion for Summary Judgment is DENIED and Plaintiff's Motion to Modify is DENIED.

FACTS

This action was brought pursuant to 42 U.S.C. § 1983 ("Section 1983") for alleged violation of the civil rights of Scott Brady[1] and Dwayne Roach. Plaintiffs contend that Defendant Maasikas, a Cheatham County deputy sheriff, and Defendants Pardue and Ellis, bail bondsmen in Cheatham County, conducted an illegal search of the Brady residence, falsely arrested Scott Brady and Dwayne Roach, and used excessive and unreasonable force in arresting Dwayne Roach.

Defendants Pardue and Ellis argue that Plaintiffs cannot establish the required elements in order to recover under Section 1983. Specifically, Defendants contend that Plaintiffs have not identified any statute or ordinance that supports the allegations that the actions of Pardue and Ellis

---

[1] Plaintiff Jennifer Brady is the personal representative of the estate of Scott Brady, now deceased.

were taken pursuant to any state created right or privilege or a state imposed rule of conduct, or that the state is responsible for the actions of Pardue and Ellis.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## PLAINTIFFS' SECTION 1983 CLAIMS

To prove a Section 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. Spurlock v. Whitley, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). Accordingly, for a plaintiff to recover, there must be a showing of state action. Merely private conduct, no matter how wrongful, is not actionable under Section 1983. Green v. Abony Bail Bond, 316 F.Supp.2d 1254, 1258 (M.D. Fla. 2004).

2

Plaintiffs have alleged that Scott Brady and Dwayne Roach were deprived of rights secured by the U.S. Constitution --- their Fourth Amendment rights to be free from unreasonable search and seizure and to be free from the use of excessive and unreasonable force during an arrest.

To satisfy the second element, the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Green, 316 F.Supp.2d at 1258. Conduct is fairly attributable to the State where: (1) it is caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible; and (2) where the party charged with the deprivation is a person who may fairly said to be a state actor. Id.

Defendants Pardue and Ellis were involved in the alleged misconduct as agents of a bonding company. Tennessee law regulates professional bondsmen in this state. Tenn. Code Ann. §§ 40-11-301, et seq. Tennessee law provides that a bail bondsman may arrest a defendant who has failed to appear in court as ordered. Tenn. Code Ann. § 40-11-132 and § 40-11-133. Tennessee law also provides that a bail bondsman is entitled to the aid of the sheriff of any county in making the arrest. Tenn. Code Ann. § 40-11-134. Thus, in seeking to apprehend Ricky Roach, Defendants Pardue and Ellis were exercising powers conferred on them by state law.[2] See Jackson v. Pantazes, 810 F.2d 426, 429 (4th Cir. 1987).

Courts generally have held that a bondsman only becomes a state actor when he acts in concert with police officers or in some other way attains state authority. McCoy v. B.L. Johnson, 176 F.R.D. 676, 681 (N.D. Ga. 1997). Thus, when bondsmen unilaterally apprehend their principals

---

[2]   Neither Plaintiffs nor Defendants have cited this state law authority or offered any law or reasons to show it does not apply in this case.

without any assistance from law enforcement officials, courts have consistently found them not to be state actors. Id. at 682; see also Landry v. A-Able Bonding, Inc., 75 F.3d 200, 204 (5th Cir. 1996) ("The majority of federal courts that have addressed the state action issue in the context of bail bondsmen have based their decisions on whether the bondsmen enlisted the assistance of law enforcement officials in arresting their principals.").[3]

Here, Defendants Pardue and Ellis were acting with the assistance of Defendant Maasikas, a Cheatham County deputy sheriff, not unilaterally. In Jackson, the bail bondsman obtained significant aid from a police officer, who was unquestionably exercising state authority. 810 F.2d at 429. The court there found that the participation by a state official sufficed to render the bondsman a state actor for purposes of Section 1983. Id. Similarly here, Defendants Pardue and Ellis obtained significant aid from Defendant Maasikas, who clearly was a state actor, in their attempts to locate and arrest Ricky Roach. Defendant Pardue had an outstanding bail bond for Ricky Roach, based upon his failure to appear in court, and Defendant Maasikas had an arrest warrant for Ricky Roach, based upon the same conduct.

For these reasons, Defendants Pardue and Ellis have failed to show that they are entitled to summary judgment. At a minimum, there are genuine issues of material fact as to the state actor relationships among the three Defendants at the time in question. Accordingly, the Motion for Summary Judgment (Docket No.57) is DENIED.

---

[3] The state action cases cited by Plaintiffs did not involved bondsmen. Defendants cite no authority concerning whether and when bondsmen could be considered state actors.

4

## COURT'S PRIOR ORDER

In its Order of April 13, 2006, the Court dismissed Plaintiffs' claim for an alleged illegal search of Scott Brady's home by Defendant Maasikas. Plaintiff Jennifer Brady asks the Court to modify that Order. The Court has reviewed Plaintiff's Motion and its prior Order and has determined that the prior Order is correct.

Accordingly, Plaintiff Jennifer Brady's Motion to Modify (Docket No. 64) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE